IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GERALD EVANS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-CV-104 |
| | § | |
| FREDERIC CORNELL, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Plaintiff Gerald Evans brings this action against Defendant Fredric Cornell for personal injuries that he allegedly suffered when he was hit by a truck being driven by Defendant.  Now before the Court is Defendant's Motion to Transfer to the Houston Division of the Southern District of Texas.  For the reasons outlined below, the Motion is **GRANTED**.  This case is **TRANSFERRED** to the Houston Division of the Southern District of Texas.[1]

### I.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why

---

[1] The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers both "private and public factors, none of which are given dispositive weight."  *In re Volkswagen of Am., Inc.*, 371 F.3d 201, 203 (5th Cir. 2004).  The private concerns include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditions and inexpensive.  The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law."  *Id.*  The plaintiff's choice of forum is generally entitled to great deference unless the plaintiff is not a resident of the forum or the operative facts underlying the action occurred elsewhere.  *See Peteet*, 868 F.2d at 1436.  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See id.*

## II.  Analysis

### 1.  Private Factors

#### A.  Ease of Access to Sources of Proof

Neither Party has given the Court any indication that the sources of proof in this case are so connected to one venue as to make trial in another substantially more or less convenient.  Likewise, the possible venues are relatively close, so any relevant proof can be accessed equally in each forum.  As with most personal injury cases, the Court does not foresee that this case will be abnormally document intensive.  Accordingly, this factor does not weigh for or against transfer.

### B.  Availability and Cost of Obtaining Attendance of Key Witnesses

Plaintiff lives in Gordonville, Texas, near the Oklahoma border.  Defendant lives in Wisconsin, and the only eyewitness to this accident lives in New Mexico.  Galveston and Houston are equally convenient to these likely witnesses.

Plaintiff was initially treated in an emergency room in Baytown, Texas, located within the Houston Division of the Southern District of Texas.  Several care providers may have information relevant to Plaintiff's injuries, but in this Court's experience, it is unlikely that any of them will testify live at trial.  In any event, though Baytown is geographically within the Houston Division, Houston and Galveston are equally convenient for someone traveling from Baytown.

The only remaining witness is Plaintiff's current treating physician, who has offices in both Houston and Galveston.  Though Plaintiff has received care in Dr. Lindsey's Galveston office, either Houston or Galveston will be equally convenient for him

Since there are no witnesses who would find either Houston or Galveston substantially more convenient, and a trial in either locale would cost roughly the same, this factor weighs neither for nor against transfer.

### C.  Other Practical Problems

Neither Party has presented the Court with any other relevant private interest issues.

### 2.  Public Factors

### A.  Administrative Difficulties Flowing from Court Congestion

This factor does not weigh for or against transfer.

### B.  Local Interest

This case involves an alleged personal injury that occurred in the Houston Division.  The citizens of this Division have only a passing interest in this litigation.  On the other hand, the residents of the Houston Division have an interest in maintaining safety on their roads.  Thus, this factor weighs in favor transfer.

### C.  Familiarity with Applicable Law

This case is governed by state law.  This Court and its sister courts in Houston are equally well equipped to apply the applicable law.  Therefore, this factor does not weigh for or against transfer.

### D.  Avoidance of Conflict of Law Issues

This factor is inapplicable to this case.

### 3.  Plaintiff's Choice of Forum

Since Plaintiff is not a resident of this District or Division, and this case has almost nothing to do with this Division, Plaintiff's choice of forum is entitled to little deference.  *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that the plaintiff's choice of forum was "entitled to little or no deference" when the plaintiff did not live in the Southern District of Texas and the case had "no significant connection to this forum").  While the Court is flattered by Plaintiff's desire to pursue his claims here, the Court finds that Plaintiff's choice does not support retention of this case when other applicable factors weigh in favor of transfer.

## III.  Conclusion

For the reasons outlined above, the Court finds that although this case is a very close call, Defendant's Motion to Transfer should be **GRANTED**.   Accordingly, this case is

**TRANSFERRED** to the Houston Division of the Southern District of Texas.  All Parties are to

bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 10th day of July, 2007 at Galveston, Texas.

Samuel B. Kent
United States District Judge